USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE ELLIOT, AMANDA PAIGE, and KATHRYN FRITSCHEL, *individually and on behalf of all others similarly situated*

Plaintiffs,

-against-

TRUSTED MEDIA BRANDS, INC., a Delaware corporation,

Defendant.

Case No.: 22-CV-08740-AT

**STIPULATED PROTECTIVE ORDER**

The undersigned parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby **ORDERED** that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. All Confidential Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose.

3. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b) previously undisclosed material which the producing party owes an obligation to a third party to maintain as confidential;

    (c) previously nondisclosed material relating to ownership or control of any non-public company;

    (d) previously nondisclosed business plans, business operational information, product development information, or marketing plans;

    (e) any information of a personal or intimate nature regarding any individual, which for purposes of this Order includes, but is not limited to: email addresses, account numbers, usernames, unique numerical identifiers (UIDs) associated with a specific account or username, passwords, user video viewing histories, advertiser identifiers, device identifiers, other persistent identifiers associated with a specific account or username, or other personal data that may, in combination, reveal sensitive personal information; or

    (f)  any other category of information hereinafter given confidential status by the Court.

  4.  A Producing Party producing any Discovery Material may designate as "Highly Confidential – Attorney's Eyes Only" only such portion of such material as consists of any information, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the Party or Non-Party from which the information was obtained. Except with the prior written consent of the Producing party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person except those individuals set forth in Paragraphs 7(b), (c), (e), (f), (h), (j), & (k) below.

  5.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. Within seven (7) days of a request from another party to use Confidential or Discovery Material in a court filing, the Producing Party must produce another copy of said Confidential Discovery Material for future public use with the confidential information redacted. In the case of depositions, if the Producing Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Discovery Material, counsel shall so state on the record and shall request that the entire transcript or relevant portion thereof be sealed. In addition, the Producing Party may designate the relevant portion of the transcript or videotape of a deposition, and any exhibits thereto, as Confidential Discovery Material within 30 days of the Producing Party's receipt of the transcript and exhibits from

the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel of record, identifying the portion of the transcript, or exhibits thereto, that constitute items designated as Confidential Discovery Material. All pages of the transcript and exhibits designated as Confidential Discovery Material shall be stamped "Confidential" or "Highly Confidential."

6. If at any time prior to the trial of this action, a producing person or that person's counsel realizes that some portion[s] of Discovery Material that a producing person previously produced without limitation should be designated as Confidential, the producing party or that person's counsel may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

  (a) the parties to this action;

  (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a party to serve as a consultant or investigator, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any mediator jointly engaged by the parties to the action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any person retained by a party to serve as a service vendor (including, by way of example, outside photocopying, graphic production services, litigation or e-discovery support services, or document depositories) as necessary for use in connection with this action;

(i) process servers or delivery or messenger services, only insofar as such services are used to serve, deliver, or transmit document or media containing Confidential Discovery Material;

(j) stenographers engaged to transcribe depositions conducted in this action;

(k) the Court and its support personnel; and

(l) any other person agreed to by the parties, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e), 5(f), 5(g) or 5(l) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. The parties must request the Court's permission, in accordance with Rule IV(A) of the Court's Individual Rules of Practice, to file documents under seal.  Where the Confidential Discovery Material to be filed under seal was designated as Confidential by a person other than the filing party, the filing party may make its filing along with a Motion for a Temporary Seal, requesting that the Court temporarily permit such filing under seal. The Motion for a Temporary Seal shall be served on the person that designated the Discovery Material as Confidential. The designating person shall have fourteen (14) days to show cause to this Court, supported by affidavits or other sworn statements of persons with personal knowledge, why the material in question should remain Confidential. If the

designating person fails to provide such a showing, the Court may deny the Motion for a Temporary Seal and unseal all papers filed along with such motion for which such a showing was not made. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached within 21 days, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. In connection with any such objection or disputed request, the person seeking a limit on disclosure bears the burden of proof.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Non-Discoverable Document/s"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Non-Discoverable Document and its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence 502(d) and 502(e).

12. If a disclosing party makes a claim of disclosure of Non-Discoverable Information, the receiving party shall not thereafter review the Non-Discoverable Information for any purpose, except by order of the Court. The receiving party shall, within

five (5) business days, return or destroy all copies of the Non-Discoverable Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five (5) business days of the notification that such Non-Discoverable Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Non-Discoverable Information.

14. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Non-Discoverable Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the facts or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Non-discoverable Information. Nothing in this Order shall limit the right of any party to request an *in* camera review of the Non-Discoverable Information.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission in evidence of any facts or documents revealed in the course of disclosure.

17. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Any person in possession of Confidential and Highly Confidential Discovery Material received from another person or entity in connection with this matter shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Discovery Material, protect against any reasonably

anticipated threats or hazards to the security of such Confidential Discovery Material, and protect against unauthorized access to or use of such Confidential Discovery Material. If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential or Highly Confidential Discovery Material subject to this Order, they shall: (1) notify the Producing Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; and 4) describe to the Producing Party the Confidential Discovery Material accessed without authorization. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access, to remediate the breach, to preclude further breaches, to address publicity regarding the breach, and to take such actions as are required by applicable laws, including Data Protection Laws. After notification, the Receiving Party shall keep the Producing Party informed of remediation efforts

18.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," "Highly Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, subject to any applicable litigation hold or other document or information hold imposed by any government agency or court order. Notwithstanding the requirements of this paragraph, any party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

19. For the duration of this litigation, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any Obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

DATED: June 15, 2023

| | |
|---|---|
| /s/ Kassra P. Nassiri<br>Kassra P. Nassiri (*pro hac vice*)<br>NASSIRI & JUNG LLP<br>1700 Montgomery Street, Ste. 207<br>San Francisco, CA 94111<br>Tel.: (415) 762-3100<br>kass@njfirm.com<br><br>Eric L. Lewis<br>David A. Short<br>LEWIS BAACH KAUFMANN MIDDLEMISS PLLC<br>405 Lexington Ave.<br>New York, NY 10174<br>Tel.: (212) 826-7001<br>Eric.lewis@lbkmlaw.com<br>David.short@lbkmlaw.com<br><br>*Attorneys for Plaintiffs Nicole Elliot, Amanda Paige, and Kathryn Fritschel* | /s/ Eric R. Fish<br>Eric R. Fish<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Tel.: (212) 589-4200<br>efish@bakerlaw.com<br><br>Bonnie Keane DelGobbo (admitted *pro hac vice*)<br>BAKER & HOSTETLER LLP<br>One North Wacker Drive, Suite 4500<br>Chicago, IL 60606<br>Tel.: (312) 416-6200<br>bdelgobbo@bakerlaw.com<br><br>Joel Griswold (*pro hac vice*)<br>BAKER & HOSTETLER LLP<br>200 South Orange Ave., Ste. 2300<br>Orlando, FL 32801<br>Tel.: (407) 649-4088<br>jcgriswold@bakerlaw.com<br><br>*Attorneys for Defendant Trusted Media Brands, Inc.* |

**SO ORDERED.**

Dated: June 15, 2023
New York, New York

_____
**ANALISA TORRES, U.S.D.J**